Opinion issued July 13, 2006



     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00728-CR
          01-05-00729-CR




DAVID WAYNE LEGER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1011710 & 1011711




MEMORANDUM OPINION
          Appellant, David Wayne Leger, pleaded guilty, without an agreed punishment
recommendation, to two charges of aggravated sexual assault of a child. Following
completion of a presentence investigation, the trial court assessed punishment at
confinement for life for each offense. We affirm.
          In his sole point of error, appellant contends that he was denied due process,
a fair trial, and the effective assistance of counsel because the prosecutor asked a
question that left the trial judge, the fact finder, with a false impression about the facts
of the case. 
          At the punishment hearing, the following exchange took place between the
prosecutor and the expert witness, Dr. Lawrence Thompson, Jr., the director of
therapy and psychological services at the Children’s Assessment Center:
[Prosecutor]: Did you have an opportunity to read through some of the
information regarding this case in the form of a presentence
investigation report?
 
[Thompson]: I did have an opportunity.
 
[Prosecutor]: And, did you also read some of the letters and victim
impact statements in relation to a defendant named David Leger?
 
[Thompson]: I did.
 
[Prosecutor]: In your review of that information, can you describe to the
Judge some of the behaviors and, I guess, sort of psychological damage
that you see in the victims in this case based on your review of the
records?
 
[Defense Counsel]: Your Honor, to move things along, we will stipulate
that the literature shows they need therapy, they are more likely to be
victims again, the therapy is going to be expensive. They are going to
have problems with interpersonal relationships; therefore, more likely
to be sexually promiscuous. They are going to have problems in
marriage. Just to move this along.
 
[The Court]: Okay. In addition to that, you may proceed.
 
[Prosecutor]: Thank you, Judge.
 
[Prosecutor]: Is it true that victims will also self-mutilate?
 
[Thompson]: Yes, I have seen that type of behavior?
 
[Prosecutor]: And, do you know why they do that?
 
[Thompson]: You have to take it on a case-by-case basis. But,
sometimes, self-mutilative behavior can be related to suicidal ideation,
a sense of guilt, a sense of wanting to hurt themselves, and this can be
one manifestation of that, one literal way of hurting themselves. It
doesn’t quite get to the point of taking their lives, but it is on that
continuum of self-harm.
 
[Prosecutor]: Are eating disorders also associated with children who are
victims of sexual abuse?
 
[Thompson]: Yes, they are.
 
[Prosecutor]: And, have you seen anything in this presentence
investigation indicating there might be some problems in that regard?
 
[Thompson]: Yes. I think in the case of both victims, there was
information about them binge eating and sometimes not having much of
an appetite. We do see children, especially girls who have been sexually
abused[,] who will develop eating disorders later in their lives.

          Appellant argues that even though there was a factual basis about the girls’
having an eating disorder, there was nothing in the record to show that “the
prosecutor had a factual predicate for asking the questions concerning whether the
victims had either engaged in self-mutilation or were in danger of engaging in such
behavior.” Put simply, appellant argues that his sentence is based, in part, on false
testimony suggesting that his victims engage in self-mutilation as a result of their
abuse. See Yates v. State, 171 S.W.3d 215, 222 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d) (reversing conviction because there was a “reasonable likelihood that
the false testimony could have affected the judgment of the jury”).
          To preserve error involving an allegation of prosecutorial misconduct, a
defendant must lodge a timely objection, request an instruction to disregard, and
move for a mistrial. Hajjar v. State, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st
Dist.] 2004, no pet.). Appellant did neither in this case, therefore his contentions on
appeal are waived. Tex. R. App. P. 33.1(a)(1)(A).
          To the extent that appellant’s point of error is based on his counsel’s ineffective
assistance for failing to object, we note that there is nothing in the record to show
why counsel did not object to proffered evidence. As such, appellant has failed to
rebut the presumption that counsel’s failure to object was a reasonable decision. See
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (“The record in the
case at bar is silent as to why appellant’s trial counsel failed to object to the State’s
persistent attempts to elicit inadmissible hearsay. Therefore, appellant has failed to
rebut the presumption this was a reasonable decision.”).
          Finally, we note that there is evidence in the record to suggest a factual basis
for the prosecutor’s questions about self-mutilation. The girls’ mother testified that 
they had “threatened to harm themselves” and that she “stayed home a lot for fear of
them harming themselves.” Additionally, Dr. Thompson noted that “self-mutilative
behavior can be related to suicidal ideation, a sense of guilt . . . .” The girls’ mother
testified that “[the girls’ counselor] voiced concern about the guilt [the girls] feel. 
They feel a lot of guilt.” The girls’ threats to “harm themselves,” coupled with their
feelings of guilt, which Dr. Thompson said could be related to self-mutilation, gives
a factual basis in the record for the prosecutor’s questions.
          For these reasons, we overrule appellant’s sole point of error.
          We affirm the judgment.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.
Do not publish. Tex. R. App. P. 47.2(b).